CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 18 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL J. HERDT, | ) | Civil Action No. 7:08-cv-00532 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STANLEY K. YOUNG, et al., | ) | By: Hon. Jackson L. Kiser |
|     Respondents. | ) | Senior United States District Judge |

Michael J. Herdt, a Virginia prisoner proceeding pro se, petitions me, under 28 U.S.C. § 2241, to issue a writ of habeas corpus. Herdt argues that he is being unlawfully imprisoned by a state that did not enter his conviction order or become a party to the Interstate Corrections Compact (ICC). Herdt requests that I order his immediate and unconditional release from incarceration. I review Herdt's petition under 28 U.S.C. § 1915A[1] and find that Herdt fails to state a claim upon which relief may be granted.

I.

By Herdt's admission, the Sixth Judicial District Court of Campbell County, Wyoming, convicted Herdt of sexual assault in the first degree and sentenced him to serve thirty-five to fifty years incarceration. The Tenth Circuit Court of Appeals affirmed the federal district court's denial of his 28 U.S.C. § 2254 habeas petition as untimely after Herdt exhausted his state collateral review of his conviction. Herdt v. Uphoff, 15 Fed. Appx. 691 (10th Cir. 2001), cert. denied, 536 U.S. 944 (2002). In the spring of 2008, the Wyoming Department of Corrections transferred Herdt to the Pocahontas State Correctional Center in Pocahontas, Virginia.

---

[1] Section 1915A(b)(1) states that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"

II.

A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., 127 S. Ct. at 1965, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

Herdt alleges that his transfer to Virginia was made pursuant to the ICC, a multilateral agreement among states to facilitate transfers of state inmates from one state's correctional facilities to another; Virginia is a party to the ICC; and Wyoming is not a party to the ICC. Herdt alleges that the terms of the ICC allow only member states to enter into agreements with other member states, and, therefore, his transfer under the ICC was unlawful. However, Herdt also recognizes that Virginia and Wyoming entered into a separate bilateral agreement for transferring inmates between them. (Pet. Mem. 2, 3.)

Virginia and Wyoming, by virtue of their state laws, may enter into a bilateral interstate corrections agreements for interstate prisoner transfers. See Wyo. Stat. Ann. § 25-1-105(e); Va. Code § 53.1-216. Therefore, Virginia and Wyoming have the authority to contract for the

2

interstate transfers of prisoners, regardless of the ICC. Moreover, interstate transfers are constitutional, and inmates have no protected liberty interest against interstate transfers. See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) (no liberty interest, a necessary element of a procedural due process claim, implicated in interstate transfer, and interstate transfer does not impose atypical and significant hardship on the inmate) (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976), and Sandin v. Conner, 515 U.S. 472, 484 (1995)); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (affirming denial of § 2241 petition because Wyoming law not violated by interstate exchange of inmate from Wyoming to Texas, and federal law does not prohibit inmate's transfer from one state to private facility in another); Poulos v. McKinna, 210 F.3d 390 (10th Cir. 2000) (affirming denial of § 2241 petition because Wyoming law not violated by interstate exchange of inmate from Wyoming to Colorado, and neither the Due Process Clause nor the Supremacy Clause of the Constitution were implicated by the interstate transfer). Therefore, Herdt fails to state a claim upon which relief may be granted.

Herdt also claims that the "Full Faith and Credit Clause and the Privileges and Immunities Clause(s) of Art. IV and the Fourteenth Amendment do[] not authorize Virginia to execute the criminal laws of the State of Wyoming or to enforce criminal judgments of a sister state." (Pet. Mem. 5-6.) However, Virginia is not executing Wyoming criminal laws or enforcing Wyoming criminal judgments. Instead, Wyoming is enforcing its own criminal judgment by contracting with Virginia to house Wyoming prisoners.

Herdt also alleges that the contract between Virginia and Wyoming violates the Compact Clause because Congress did not approve the contract. See U.S. Const. art. I, § 10, cl. 3. The Compact Clause does not require congressional approval of every agreement between or among

3

states, but only those agreements that increase states' political powers at the expense of the federal government. Virginia v. Tennessee, 148 U.S. 503, 519 (1893). The agreement between Wyoming and Virginia does not implicate any federal interests, and, thus, congressional approval is not required. Therefore, the contract between Virginia and Wyoming does not violate the Compact Clause.[2]

Herdt claims that the contract between Wyoming and Virginia violates the Commerce Clause because it "creates a situation where the taxpayers of . . . Wyoming are directly funding [the Virginia Department of Corrections]. . . . at a substantial profit over the costs of what the actual costs [are] to . . . Virginia to house their own prisoners." (Pet. Mem. 6); see U.S. Const. art. I, § 8, cl. 3. Herdt also claims the contract violates the Commerce Clause because it allows Virginia correctional centers to compete with private businesses. However, Herdt lacks standing to challenge the contract under the Commerce Clause because the payment of taxes, even if Herdt pays any Wyoming taxes with an inmate's salary, is not enough to establish standing. See Hein v. Freedom from Religion Found., Inc., 127 S. Ct. 2553, 2559 (2007); Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 38, 41 (1976).

Herdt also alleges that his state conviction was not duly obtained and is in violation of his due process rights under the Fourteenth Amendment. Herdt argues that Wyoming mixed elements from two separate statutes to define the crime for which he was convicted. Herdt further alleges that Wyoming used his presentence investigation report to psychologically

---

[2] Even if federal interests were implicated, Congress gave its consent for "States to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies, and to establish such agencies, joint or otherwise, as they may deem desirable for making effective such agreements and compacts." 4 U.S.C. § 112.

4

evaluate him in violation of his Fifth Amendment right against self-incrimination and Sixth Amendment right to effective assistance of counsel. I construe this argument as seeking a writ of habeas corpus under 28 U.S.C. § 2254. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (stating § 2254 petitions challenge the validity of a state court conviction and sentence whereas § 2241petitions generally challenge the execution or implementation of a sentence, such as transfers); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (stating courts should liberally construe pro se complaints).

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Federal courts may not grant writs of habeas corpus to petitioners in state custody unless the petitioners have first exhausted their state remedies by presenting their claims to the highest state court. 28 U.S.C. § 2254(b)(1). Herdt admits in his petition that he has not yet exhausted his present claims by seeking review from Virginia or Wyoming courts. Furthermore, the one-year statute of limitations has long expired for Herdt to challenge his conviction. See 28 U.S.C. § 2244(d). Therefore, Herdt cannot bypass § 2254 procedural rules and the statute of limitations by seeking review under § 2241.

After reviewing Herdt's claims, I find that he fails to state any claim upon which relief may be granted. Accordingly, I dismiss all of Herdt's claims and deny his habeas petition.

III.

For the foregoing reasons, I dismiss Herdt's petition for a writ of habeas corpus for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and I

5

deny his pending motion for service.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 18th day of December, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge